RAYMOND P. VINNIE *vs.* COMMONWEALTH. July 31, 2009. *Supreme Judicial Court,* Superintendence of inferior courts, Appeal from order of single justice.

Raymond P. Vinnie appeals from a judgment of a single justice of this court denying, without a hearing, his petition for relief under G. L. c. 211, § 3. We affirm.

Vinnie was convicted of murder in the first degree in 1993, and, after plenary review, this court affirmed the conviction and the denial of his motion for a new trial. *Commonwealth* v. *Vinnie,* 428 Mass. 161, cert. denied, 525 U.S. 1007 (1998). Vinnie thereafter filed several postconviction motions for release from unlawful restraint and for a new trial. These motions were all denied by the trial judge. Vinnie also unsuccessfully sought writs of habeas corpus in the Superior Court, *Vinnie* v. *Commissioner of Correction,* 69 Mass. App. Ct. 1106, *S.C.,* 449 Mass. 1109 (2007), and in the Federal court. See *Vinnie vs.* Bender, U.S. Dist. Ct., Civ. A. No. 07-11832-JLT (D. Mass. July 2, 2008); *Vinnie vs.* Maloney, U.S. Dist. Ct., Civ. A. No. 99-10480-RWZ (D. Mass. Mar. 25, 2002), cert. denied, 539 U.S. 964 (2003). Vinnie's petition in the county court requested that the court vacate his conviction on the grounds that his trial counsel had a conflict of interest and that his appellate counsel deprived him of effective assistance by failing to present this issue on his direct appeal. The single justice denied relief "without prejudice to the petitioner filing a motion for new trial pursuant to G. L. c. 278, § 33E."

Vinnie has filed a memorandum and record appendix pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001). That rule does not apply here, as Vinnie's petition sought relief from a final judgment (his 1993 conviction) and did not challenge any "interlocutory ruling in the trial court." S.J.C. Rule 2:21 (1). Nonetheless, the record before us clearly establishes that Vinnie had an adequate alternative to relief under G. L. c. 211, § 3. The issues he raised in his petition could have, and should have, been raised in a motion for a new trial in the trial court. To the extent that the issues were raised in any of his postconviction motions, Vinnie could have sought leave to appeal from the denial of each motion pursuant to the gatekeeper provision of G. L. c. 278, § 33E.[1] The single justice did not abuse her discretion or commit any other error of law in denying relief.

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Raymond P. Vinnie,* pro se.


---

[1]Vinnie would fare no better if his G. L. c. 211, § 3, petition were intended to be a gatekeeper petition pursuant to G. L. c. 278, § 33E, seeking leave to appeal from the denial of his postconviction motions. In those circumstances, we would dismiss Vinnie's appeal on the ground that "the decision of the single justice, acting as a gatekeeper pursuant to G. L. c. 278, § 33E, is 'final and unreviewable.' " See, e.g., *Commonwealth* v. *Nassar, ante* 1008, 1009 (2009).